# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

| | |
|---|---|
| **DANA CAMPBELL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY d/b/a THE HARTFORD,**<br><br>**Defendant.** | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Hartford Life and Accident Insurance Company, ("Hartford" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Madison County, Kentucky, Case No. 18-CI-00099, where it is currently pending, to the United States District Court for the Eastern District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's federal question subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claims against Hartford invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. As an alternative basis, this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there

is complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendant respectfully shows the Court as follows:

1. Plaintiff Dana Campbell instituted a civil action against Hartford in the Circuit Court of Madison County, Kentucky, on February 14, 2018. True and correct copies of the Complaint and Summons, which are all of the pleadings, process, and orders served upon Hartford in the Circuit Court action, are attached hereto collectively as Exhibit A.

2. Plaintiff's Complaint was served on Hartford on February 22, 2018. Accordingly, this Notice of Removal is filed within thirty (30) days after receipt by Hartford of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Alternatively, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

4. The United States District Court for the Eastern District of Kentucky is the federal judicial district embracing the Circuit Court of Madison County, Kentucky, where this suit was originally filed. Venue is therefore proper under

28 U.S.C. §§ 97(a) and 1441(a).

## FEDERAL QUESTION JURISDICTION

5. In her Complaint, Plaintiff alleges that she and her deceased husband ("Decedent") were insured under a life insurance policy issued by Hartford to her employer, AECOM, which insured the employees of the company and their spouses. *See* Compl. at 7 (¶¶ 4-8). Based on an alleged denial and improper rescission of life insurance benefits, Plaintiff seeks payment of contractual benefits, punitive damages, compensatory damages for emotional pain and suffering, attorney's fees, interest, and any and all other relief to which she is entitled. *See* Compl. at 10 ("Wherefore" paragraph).

6. Hartford issued Group Policy No. GL-402877 (the "Policy") to AECOM to insure the life insurance component of AECOM's welfare benefit plan (the "Plan"), which is an "employee welfare benefit plan," 29 U.S.C. § 1002(1), pursuant to ERISA. Plaintiff was a participant in the Plan based on her employment with AECOM. *See* Compl. at 7 (¶¶ 4-9)). A copy of the Policy is attached hereto as Exhibit B. The Policy includes additional information expressly referencing ERISA and providing a statement of participant's rights under ERISA. *See* Ex. B at pp. 59-64.

7. Although Plaintiff's claims are couched in the language of a state law contract and tort action, the United States Supreme Court has held that where

Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Milby v. Liberty Life Assur. Co.*, 102 F. Supp. 3d 922, 927 (W.D. Ky. 2015). Indeed, the Supreme Court has recognized that the comprehensive remedial scheme established by ERISA for loss or denial of employee benefits is one area where Congress intended to provide for complete or super preemption of state law claims. *Taylor* at 64-67; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (noting that causes of action within the scope of § 1132(a) are removable). "As a defense, [federal preemption] does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. . . . One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64 (citation omitted). Thus, ERISA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65. "Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants[.]" *Id.* at 67. Therefore, when a plaintiff is seeking

relief that could have been brought under § 1132, such as Plaintiff here, that action is completely preempted by ERISA. *Davila,* 542 U.S. at 210.

8. In order to determine whether a common law or statutory claim under state law should be characterized as a superseding ERISA action, a court must determine whether the action is essentially "to recover benefits due to Plaintiff under the terms of the plan, to enforce Plaintiff's rights under the terms of the plan, or to clarify Plaintiff's rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995); *see also Kalo v. Moen, Inc.*, 93 F. Supp. 2d 869, 872-73 (N.D. Ohio 2000).

9. In this action, it is abundantly clear that Plaintiff's claims are completely preempted by ERISA as her Complaint explicitly seeks to recover benefits under the Policy and other damages allegedly resulting from the administration of the ERISA-governed Plan. *See* Compl. at 8-10 (¶¶ 23-24, 28-30, "Wherefore" paragraph). Despite alleging in a conclusory manner that the Plan does not meet the qualifications of ERISA, Plaintiff tacitly admits that the Plan may be subject to ERISA by alternatively alleging ERISA causes of action. *See* Compl. at 10 (¶¶ 31-32).

10. For the foregoing reasons, Plaintiff's claims seek to recover benefits under an ERISA-governed plan. This Court therefore has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f).

Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## DIVERSITY JURISDICTION

11. Plaintiff alleges that she is a resident and citizen of Kentucky. *See* Compl. at 6 (¶ 1).

12. Hartford is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Hartford is a citizen of the State of Connecticut. Hartford is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the Commonwealth of Kentucky within the meaning of the Acts of Congress relating to the removal of cases.

13. This action is therefore between citizens of different states, thus establishing complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a).

14. In order to meet the $75,000 jurisdictional threshold in this case with an unspecified claim for damages, Defendant need show only that the amount in controversy "more likely than not" exceeds the jurisdictional requirement. *See Williamson v. Aetna*, 481 F.3d 369 (6th Cir. 2006) (finding claims removable when it was more likely than not that potential cost of state claims to defendant would

exceed $75,000, even though plaintiffs had stipulated that they would not seek damages in excess of $75,000). In this case, Defendant can remove to federal court if it can show, by a preponderance of the evidence, facts supporting jurisdiction. A lower burden of proof is warranted where damages are unspecified, such as in the instant case (as there is no *ad damnum* clause), because there is simply no estimate to which a court may defer.

15. Hartford denies that it breached the insurance policy or violated Ketnucky law. Nonetheless, in evaluating whether subject-matter jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy."

16. Plaintiff alleges that Hartford's actions constitute breach of contract, bad faith, and violations of the Kentucky Unfair Claims Settlement Practices Act. *See* Compl. at 8-9 (¶¶ 23-28). Due to this alleged conduct, Plaintiff demands "full contractual benefits," punitive damages, emotional pain and suffering, interest, costs, and attorney's fees. *Id.* at 10 ("Wherefore" paragraph). Plaintiff's Complaint also alleges a face value of the Policy of $200,000, of which $10,000 has been paid. *See id.* at 7 (¶ 6), 8 (¶¶ 15-16). Therefore, the alleged "full contractual benefits" Plaintiff seeks are alone $190,000. Thus, it is readily apparent from the Complaint that the amount in controversy exceeds the

$75,000.00 jurisdictional threshold set forth by 28 U.S.C. § 1332. Consequently, the amount in controversy requirement for diversity jurisdiction is satisfied.

## MISCELLANEOUS

17. A copy of this Notice of Removal is being filed with the Circuit Court of Madison County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

18. Along with this Notice of Removal, Hartford will tender to the Clerk of this Court the funds necessary to secure removal.

19. This Notice of Removal is filed within thirty (30) days after receipt by Hartford of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

20. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Kentucky.

22. If any question arises as to the propriety of this removal, Hartford respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hartford Life and Accident Insurance Company, by and through its undersigned counsel, prays

that the above action currently pending against it in the Circuit Court of Madison County, Kentucky, be removed to this Court.

Respectfully submitted this 22nd day of March 2018.

                                              */s/ William B. Wahlheim, Jr.*
                                              William B. Wahlheim, Jr.
                                              Grace R. Murphy
                                              Attorneys for Defendant Hartford Life and Accident Insurance Company
                                              [applications for admission *pro hac vice* to be filed]

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this the 22nd, day of March 2018:

Philip G. Fairbanks
Bartley K. Hagerman
MEHR, FAIRBANKS & PETERSON
TRIAL LAWYERS, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
pgf@austinmehr.com
bkh@austinmehr.com
Counsel for Plaintiff

                                          */s/ William B. Wahlheim, Jr.*
                                          OF COUNSEL