# Exhibit A
# State-Court Documents



# Service of Process Transmittal

02/22/2018
CT Log Number 532845180

| | |
|---|---|
| **TO:** | Daniela Bukowski-James<br>The Hartford<br>1 Hartford Plz # HO-1-09<br>Hartford, CT 06155-0001 |
| **RE:** | Process Served in Kentucky |
| **FOR:** | Hartford Life and Accident Insurance Company  (Domestic State: CT) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DANA CAMPBELL, Pltf. vs. HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Cover Sheet, Summons, Complaint |
| **COURT/AGENCY:** | Madison County Circuit Court, KY<br>Case # 18CI00099 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/22/2018 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | BARTLEY K. HAGERMAN<br>Trial Lawyers, PLLC<br>201 West Short Street, Suite 800<br>Lexington, KY 40507<br>859-225-3731 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/23/2018, Expected Purge Date: 02/28/2018<br><br>Image SOP<br><br>Email Notification,  CTSOP Lawsuits (Not Specified)  SOPLawsuits.Law@thehartford.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>609-538-1818 |

Page 1 of  1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**ALLEE COMBS WHICKER**
**101 WEST MAIN STREET**
**RICHMOND KY 40475**



91 7199 9991 7030 2211 2361



U.S. POSTAGE >> PITNEY BOWES

ZIP 40475  $ 005.95⁰
02 4W
0000340250 FEB 16 2018

**CT Corporation System**
306 West Main Street, Suite 512
Frankfort KY 40601
18-CI-99

Allee Combs Whicker, Madison Circuit Clerk
P.O. Box 1243, 101 West Main Street
Richmond, KY 40475-0813

CT CORPORATION SYSTEM
306 WEST MAIN STREET, SUITE 512
FRANKFORT, KY 40601



# KCOJ eFiling Cover Sheet

Case Number: 18-CI-00099

Envelope Number: 878616

Package Retrieval Number: 8786166430738@00000103484

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 11.98

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. JEAN C. LOGUE (625304)

| AOC-E-105   Sum Code: CI |  | Case #: **18-CI-00099** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **MADISON** |
| Court of Justice   Courts.ky.gov | **CIVIL SUMMONS** | |
| CR 4.02; Cr Official Form 1 | | |

*Plaintiff,* **CAMPBELL, DANA VS. HARTFORD LIFE AND ACCIDENT INS. CO.**, *Defendant*

TO:  **CT CORPORATION SYSTEM**
     **306 WEST MAIN STREET, SUITE 512**
     **FRANKFORT, KY 40601**

Memo: Related party is HARTFORD LIFE AND ACCIDENT INS. CO.

The Commonwealth of Kentucky to Defendant:
**HARTFORD LIFE AND ACCIDENT INS. CO.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Allee Combs Whicker, Madison Circuit Clerk
Date: 02/14/2018

Package:000002 of 000008
Presiding Judge: HON. JEAN C. LOGUE (625304)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Summons ID: 8786166430738@00000103484
CIRCUIT: 18-CI-00099 Certified Mail
CAMPBELL, DANA VS. HARTFORD LIFE AND ACCIDENT INS. CO.



Page 1 of 1

**eFiled**

Package : 000002 of 000008

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
CIVIL ACTION NO. 18-CI-99
*Electronically Filed*

DANA CAMPBELL            PLAINTIFF

vs.        **COMPLAINT AND JURY DEMAND**

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY        DEFENDANT
d/b/a THE HARTFORD

**Serve:**
CT Corporation System
306 W. Main St., Suite 512
Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Dana Campbell, through counsel, and for her Complaint and Jury Demand against Defendant Hartford Life and Accident Insurance Company d/b/a The Hartford ("Hartford" or "Defendant"), states as follows:

1. Plaintiff Dana Campbell is a citizen and resident of Madison County, Kentucky, and is the surviving spouse of Gary Campbell ("Gary Campbell" or "Decedent").

2. Defendant Hartford is an insurance company domiciled in the state of Connecticut, where it is a citizen and resident, and it is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority. Hartford's service of process agent is CT Corporation System, located at 306 W. Main St., Suite 512, Frankfort, KY 40601, and Hartford may be served through said service of process agent.

3. Jurisdiction is proper in this Court because Defendant transacted business, entered into the plan at issue, a contract, issued a policy of insurance in, and caused damages in the Commonwealth of Kentucky, and Plaintiff was employed with AECOM, and worked and was caused harm, in Madison County, Kentucky.

4. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of AECOM.

5. Defendants provided a policy of life insurance to employees of AECOM, which included Plaintiff.

6. Plaintiff elected and paid the premiums for the voluntary and contributory spouse life coverage (a/k/a Spouse Supplemental Life, a/k/a Supplemental Dependent Life) under the Group Life Insurance Policy (the "Policy"), which had a face value of $200,000; the Policy number is 0GL402877

7. Plaintiff was an insured and was covered under the life insurance policy at the time period relevant to the claims asserted herein, and Plaintiff paid premiums for said coverage.

8. At all times relevant to the claims herein, Decedent was Plaintiff's spouse, and Decedent was insured and covered under the Policy along with Plaintiff.

9. At all times relevant to the claims herein, Plaintiff is and was the sole beneficiary of Decedent's life insurance Policy/coverage.

10. The Policy entitles Plaintiff to receive benefits if certain conditions are met, and all necessary conditions were met in this case for a benefit to be paid.

11. AECOM is the plan administrator of the subject plan/Policy.

12. Hartford has responsibility for payment of any life insurance benefit due.

13. Decedent died on December 20, 2016.

14. Plaintiff, as beneficiary of Decedent's life insurance Policy/coverage, timely and properly submitted a claim to Hartford, consistent with the terms of the life insurance policy. The pertinent Insured ID number is xxxxxx0434.[1]

---

[1] Redaction has been made for privacy purposes.

15. Defendant is believed to have paid $10,000 in group life benefits to Plaintiff after Plaintiff submitted her claim.

16. By letter dated April 3, 2017, Defendant denied Plaintiff's claim for the remaining life insurance benefits under the Policy, and stated that the Dependent Spouse Group Life coverage was being rescinded due to Decedent's allegedly inaccurate response to Question No. 4 on the insurance application.

17. Plaintiff timely and properly appealed the denial of the life insurance benefits, in the manner set forth in the life insurance policy.

18. By letter dated February 1, 2018, Defendant again denied Plaintiff's claim for life insurance benefits. Defendant advised that the claim decision was final and that administrative remedies available under the Policy were exhausted.

19. Plaintiff has timely and properly exhausted all applicable administrative remedies and appeals under the Policy.

20. Plaintiff is entitled to payment of life insurance benefits from Defendant, as Plaintiff (and Decedent) met and satisfied all necessary conditions under the terms of the life insurance policy.

21. Neither Decedent nor Plaintiff misrepresented nor gave any inaccurate statement in response to the insurance application questions, and Defendant is incorrect in particular regarding Decedent's response to Question No. 4 being allegedly inaccurate.

22. Defendant has wrongfully withheld, and is responsible for, payment of life insurance benefits to Plaintiff, as Decedent's beneficiary.

23. Defendant breached its contractual duty to Plaintiff, an insured, to provide the insurance coverage for which Plaintiff paid, and to act in a reasonably prudent manner in taking steps necessary on Defendant's end to ensure that benefits would be payable in the event of

Decedent's death, and said breach caused damages because Defendant wrongfully refused to pay the claim and wrongfully rescinded the coverage under the Policy.

24. The denial of Plaintiff's claim for life insurance benefits, and wrongful rescission of the coverage under the Policy, constitutes a breach of contract, and Defendant's breach of its contractual duties and obligations has caused Plaintiff damages.

25. Defendant promised and represented to Plaintiff and Decedent that the life insurance coverage for which Plaintiff paid the premiums was in full force and effect, and said promises and representations by Defendant were intended to induce action on Plaintiff's behalf, including payment of premiums, and Plaintiff reasonably relied on the promise and representation of Defendant, to her detriment, and was caused harm as a proximate and factual result of Defendant's actions.

26. The decisions of Defendant to deny contractual benefits and to rescind the coverage under the life insurance policy are erroneous, a breach of fiduciary duty, negligent, an abuse of discretion, arbitrary and capricious, and contrary to the overwhelming evidence supplied to Defendant.

27. The aforesaid conduct of Defendant in denying contractual benefits and rescinding the coverage under the Policy constitutes bad faith in that Defendant lacked a reasonable basis to deny benefits and rescind the coverage, and Defendant knows or acted recklessly as to whether such a basis for denial exists.

28. The actions of Hartford violate KRS § 304.12-230, the Unfair Claims Settlement Practices Act, and entitle Plaintiff to recover attorney's fees and interest under KRS § 304.12-235.

29. The aforesaid conduct of Defendant is reckless and grossly negligent, which entitles Plaintiff to punitive damages.

30. The above actions by Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial problems, which would not have occurred, but for the wrongful conduct of Defendant.

31. The life insurance coverage and Policy do not meet the qualifications of a plan under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

32. In the alternative to allegation number 31, above, if the Policy does meet the qualifications for ERISA, then the decisions made by Defendant were arbitrary and capricious, against the overwhelming evidence provided to Defendant, and a breach of fiduciary duties, which entitles Plaintiff to contractual benefits, interest, and attorney's fees.

33. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff Dana Campbell, demands the following relief against Defendant:

1. Judgment against Defendant for full contractual benefits, attorney's fees, punitive damages to punish and deter Defendant from similar conduct, pre-judgment and post-judgment interest, and compensation for emotional pain and suffering caused by Defendant's unreasonable and reckless delay and behavior;

2. Trial by jury; and

3. Any and all other relief to which Plaintiff appears entitled.

Respectfully submitted,

*/s/ Bartley K. Hagerman*
PHILIP G. FAIRBANKS
BARTLEY K. HAGERMAN
**Mehr Fairbanks & Peterson
Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
Email: pgf@austinmehr.com
Email: bkh@austinmehr.com
*Counsel for Plaintiff*